FILED
JUL 09 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA GIFFORD AND KEVIN
GIFFORD,
        Plaintiffs

v.

BANK OF AMERICA, et al.,
        Defendants.

CV 09-639-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

       Plaintiffs Barbara Gifford and Kevin Gifford filed this action against defendants Bank of America, Countrywide Home Loans, Inc. dba Countrywide Bank and Hyperion Capital Group LLC arising out of lender disclosures in relation to a second mortgage plaintiffs took out on their home. Plaintiffs allege that the defendants violated the Oregon Mortgage Broker and Banker Act and the Truth in Lending Act (TILA). Now before the court is Bank of America, N.A.'s 12(c)

Page 1 - FINDINGS AND RECOMMENDATION

motion for judgment on the pleadings (#43). **Plaintiffs, represented by counsel, did not file a resistance to this motion.** Bank of America's motion[1] should be granted, for the reasons set forth below.

## BACKGROUND

Plaintiffs' complaint describes the case as "an action for rescission" and asserts two claims for relief arising out of the second mortgage the plaintiffs took out on their home in August 2007. Plaintiffs' first claim for relief alleges that an unspecified defendant violated section 59.925(b) of the Oregon Mortgage Broker and Banker Act[2] by making false representations regarding the interest rate on the second mortgage. The complaint, however, identifies only Hyperion Capital as the mortgage broker or banker. Plaintiffs' second claim for relief names only Countrywide as a defendant but alleges that "defendants" failed to deliver all of the materials required by the Truth in Lending Act. Specifically, plaintiffs allege that defendants violated 12 C.F.R. § 226.15(b)(5). The complaint further states that plaintiffs seek to rescind their loan "pursuant to 15 U.S.C. § 1640(a)" and that they seek actual and statutory damages.

The complaint alleges that plaintiffs "worked directly" with defendant Hyperion "to take out the second mortgage, which closed on August 10, 2007." Bank of America has submitted copies of the trust deeds and notes showing that Hyperion originated the loan. In addition, the complaint's general factual allegations state that Hyperion did not provide all of the material disclosures and that the disclosures it did provide were misleading. Plaintiffs, however, have

---

[1]Bank of America, N.A. is successor by merger to Countrywide Bank, FSB (erroneously sued as "Bank of America" and "Countrywide Home Loans dba Countrywide Bank.")

[2]Oregon Revised Statute section 59.925 was renumbered to section 86A.151 in 2009.

Page 2 - FINDINGS AND RECOMMENDATION

dismissed Hyperion from the suit.

Plaintiffs do not allege that Countrywide or Bank of America are Oregon mortgage brokers or bankers. Rather, plaintiffs allege that Countrywide is a wholly owned subsidiary of Bank of America, and that it is a creditor under the Truth in Lending Act, 15 USC § 1602(f).

Bank of America has submitted copies of the notices of the right to rescind that Hyperion sent to the plaintiffs when they took out the second mortgage. The notices explain that plaintiffs had right to rescind, which would expire within three days of the date of the transaction, the date of receiving the Truth in Lending disclosures, or the date of receiving of the notices, whichever occurred last. The notices, which were signed by the plaintiffs on August 15, 2007, specify that the right to rescind would expire on midnight of August 18, 2007. Bank of America has also submitted copies of the Federal Truth in Lending Disclosure Statement that Hyperion provided to the plaintiffs. The statements were signed by the plaintiffs on August 15, 2007.

Pursuant to Fed. R. Civ. P. 41(a)(1) and LR 41.1, all claims against Hyperion Capital Group were dismissed with prejudice on October 27, 2009. Bank of America, N.A. is the successor by merger of defendant Countrywide Home Loans, Inc, dba Countrywide Bank. Therefore, Bank of America represents Countrywide Home Loans, Inc, dba Countrywide Bank, as well as itself, in the motion for judgment on the pleadings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states that, "after the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same standard applied to a Rule 12(b)(6) motion to dismiss. *Butler v. Resurgence Financial, LLC*, 521 F. Supp. 2d 1093,

Page 3 - FINDINGS AND RECOMMENDATION

1095 (C.D. Cal. 2007). A court may grant judgment on the pleadings when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In ruling on a 12(c) motion, all allegations of fact by the party opposing the motion are accepted as true. *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). The question presented by the motion for judgment on the pleadings is whether the plaintiffs have only plead facts that, even if taken as true, fail to state valid claims for which relief may be granted. *Geraci v. Homestead Bank*, 203 F. Supp. 2d 1211, 1213 (W.D. Wash. 2002). "Courts have discretion to grant a Rule 12(c) motion with leave to amend." *Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 U.S. Dist. LEXIS 35251. at *5 (N.D. Cal. Apr. 10, 2009).

As a general rule, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue." *Hal Roach Studios, Inc.*, 896 F.2d at 1550. However, the court may consider documents whose contents are alleged in a complaint, and whose authenticity no party questions, even if the plaintiff has not physically attached the documents to their pleadings. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Consideration of documents incorporated by reference in the complaint does not convert the motion for judgment on the pleadings to one for summary judgment. *See id.*

## DISCUSSION

I.  **Oregon Mortgage Broker and Banker Act Claim (First Claim for Relief)**

Under Oregon Revised Statute section 86A.151(2)(b), the Oregon Mortgage Broker and Banker Act extends liability to a mortgage banker or broker for transacting "business by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to

Page 4 - FINDINGS AND RECOMMENDATION

make the statements made, in light of the circumstances under which they are made, not misleading." Or. Rev. Stat. § 86A.151(2)(b). Thus, plaintiffs are required to direct their allegations against a mortgage banker or broker. *Id.* The Act's definitions for "mortgage broker" and "mortgage banker" explicitly exclude "financial institutions." Or. Rev. Stat. § 86A.100(5)(b)(A), (7)(b)(A). The Act adopts the definition of "financial institution" set forth in Oregon Revised Statute section 706.008. *Id.* Under section 706.008, "financial institution" encompasses a company whose deposits are insured under the Federal Deposit Insurance Act. Or. Rev. Stat. § 706.008(10),(13).

Here, the plaintiffs allege that Hyperion Capital transacted business as a mortgage banker or mortgage broker in violation of the Oregon Mortgage Broker and Banker Act. The complaint, however, fails to allege that Bank of America or Countrywide transacted business as either a mortgage banker or a mortgage broker. As the plaintiffs have failed to adequately state an Oregon Mortgage Broker and Banker Act claim against either Bank of America or Countrywide, the claim should be dismissed.

Morever, according to the online Federal Deposit Insurance Corporation's Institution Directory, Bank of America is insured under the Federal Deposit Insurance Act. Further, the Federal Deposit Insurance Corporation's website indicates that prior to merging with Bank of America on April 27, 2009, Countrywide Home Loans, Inc, dba Countrywide Bank was insured under the Federal Deposit Insurance Act. Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Molina v. Washington Mutual Bank*, No. 09-00894, 2010 WL 431439, at *3 (E.D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been

Page 5 - FINDINGS AND RECOMMENDATION

treated as properly subject to judicial notice."). I therefore take judicial notice that Bank of America is currently insured through the Federal Deposit Insurance Corporation and that Countrywide Bank was insured through the Federal Deposit Insurance Corporation at the time of the plaintiffs' 2007 mortgage transaction. Thus, neither Bank of America nor Countrywide is a "financial institution" and therefore cannot be liable under the Oregon Mortgage Broker and Banker Act. As a result, the plaintiffs are unable to state a claim against Bank of America or Countrywide under the Oregon Mortgage Broker and Banker Act. The court should accordingly grant Bank of America N.A.'s motion for judgment on the pleadings with regard to the Oregon Mortgage Broker and Banker Act claim.

## II.     Truth in Lending Act Claim (Second Claim for Relief)

The purpose of the Truth in Lending Act (TILA) is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The Act requires that creditors make clear and accurate disclosure of loan terms. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

Plaintiffs' Truth in Lending Act claim alleges that defendants violated 12 C.F.R. § 226.15(b), which governs notice of a borrower's right to rescind. 12 C.F.R. § 226.15. Plaintiffs, however, fail to indicate how the defendants violated that provision. The factual allegations only refer specifically to Hyperion's misrepresentations and omissions. Bank of America N.A. is therefore left to guess the basis for plaintiffs' allegation that it violated 12 C.F.R. § 226.15(b). The court should therefore dismiss plaintiffs' Truth in Lending Act claim against Bank of

Page 6 - FINDINGS AND RECOMMENDATION

America and Countrywide. *See Marks v. Chicoine*, No. 06-06806, 2007 U.S. Dist. LEXIS 8521, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing TILA claim because it did not allege how defendants violated the various statutes and regulations mentioned, and thus did not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests") (citation omitted).

Bank of America and Countrywide, however, are not entitled to judgment as a matter of law because plaintiffs can amend to address the complaint's problems with vagueness. I therefore must determine whether any amendment to plaintiffs' claims would be futile. Plaintiffs describe their complaint as an action for rescission. Plaintiffs, however, allege a right to rescind under 15 U.S.C. § 1640(a), which governs an action for damages, and seek actual and statutory damages. I therefore examine whether Bank of America N.A. is entitled to judgment on either a claim for rescission or a claim for damages arising out of the alleged violation of 12 C.F.R. § 226.15(b).

### A.  Claim for Actual and Statutory Damages

#### 1.  Statute of Limitations

Under the Truth in Lending Act, a claim for actual or statutory damages must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The statute of limitations begins to run from the consummation of the transaction. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non disclosures that form the basis for the TILA action." *Id.* Equitable tolling, however, does not apply when "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's

Page 7 - FINDINGS AND RECOMMENDATION

statutory and regulatory requirements." *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (upholding summary judgment in favor of the defendant where no evidence indicated that defendants attempted to conceal the inadequacy of the initial disclosures); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-903 (9th Cir. 2003) (upholding summary judgment in favor of the defendant where the evidence showed that the plaintiffs were in full possession of all information relevant to the discovery of a TILA violation on the day the loan papers were signed).

Here, the plaintiffs' complaint alleges that their cause of action stems from taking out a second mortgage in August of 2007. The complaint was submitted on June 8, 2009. The gap between the consummation of the transaction and the filing of the complaint well exceeds the one year statute of limitations. Moreover, plaintiffs have not alleged that they were prevented from discovering any violations. Due in part to the vagueness of plaintiffs' allegations, I cannot conclude that plaintiffs are unable to allege facts supporting equitable tolling. Therefore, the statue of limitations issue, standing alone, does not render amendment futile.

    2. **Assignee Liability**

Under the TILA, the standard for assignee liability for actual and statutory damages turns on the type of financial transaction at issue. 15 U.S.C. § 1641. An assignee of a high cost mortgage loan is "subject to all claims . . . with respect to that mortgage that the consumer could assert against the creditor . . ., unless the . . . assignee demonstrates, by a preponderance of the evidence, that a reasonable person exercising ordinary due diligence", could not determine from the loan documentation that the mortgage was a high cost mortgage. 15 U.S.C. § 1641(d)(1). 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.32(a). A high cost loan is:

Page 8 - FINDINGS AND RECOMMENDATION

> 1) a consumer credit transaction;
> 2) with a creditor;
> 3) that is secured by the consumer's principal dwelling
> 4) and is a second or subordinate residential mortgage, not a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open credit plan
> 5) and that satisfies either of the following two tests:
>> (a) the annual percentage rate ("APR") of interest for the loan transaction exceeds certain levels; or
>> (b) the total "points and fees" payable by the borrower at or before closing will exceed the greater of (i) 8% of the total loan amount; or (ii) $ 400.00.

*Cooper v. First Gov't Mortg. & Investors Corp.*, 238 F. Supp. 2d 50, 54 (D.D.C. 2002) (citing 15 U.S.C. § 1602(aa)). I have reviewed the Federal Truth in Leading Disclosure Statement that Hyperion provided to the plaintiffs and, based on the figures listed there, conclude that plaintiffs loan was not a high cost loan.

Assignee liability regarding non-high cost loan transactions under TILA is limited to violations that are "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a), (e). A violation is apparent on the face of the statement if: 1) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or 2) the disclosure statement does not use the terms or format required under the Act. 15 U.S.C. § 1641(e)(2) (emphasis added).

Plaintiffs' complaint does not allege specifically what Hyperion failed to disclose, nor does it allege facts supporting a conclusion that the violation was apparent on the face of the disclosure statement. Moreover, assuming plaintiffs could allege that the violation was apparent on the face of the disclosure statement, that allegation would foreclose equitable tolling of the

Page 9 - FINDINGS AND RECOMMENDATION

statute of limitations. I therefore conclude that any amendment to plaintiffs' claim for actual and statutory damages is futile. The court should accordingly grant Bank of America N.A.'s motion for judgment on the pleadings with regard to the claim for actual and statutory damages without leave to amend.

### B. Claim for Rescission

Although the TILA typically limits rescission liability for assignees to liability arising out of facial errors in disclosure forms, 15 U.S.C. § 1641(a) & (e), it permits an obligor to pursue a rescission claim against any assignee. 15 U.S.C. § 1641(c). Thus, plaintiffs may rescind against an assignee to the full extent they could against an original creditor. *Rowland v. Novus Financial Corp.*, 949 F.Supp. 1447, 1458-1459 (D. Haw. 1996).

In any transaction subject to rescission, a creditor must deliver two copies of notice of the right to rescind to each consumer entitled to rescission. 12 C.F.R. § 226.15(b). Failure to deliver the required notice, material disclosures, or omission of the expiration date for the right to rescind automatically creates a three year statute of limitations period. 15 U.S.C. § 1835(f). Where the creditor fails to provide to the consumer proper notice of the right to rescind and all material disclosures, "the right to rescind shall expire three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3).

Here, the plaintiffs assert the right to rescission on the grounds that Bank of America or Countrywide failed to deliver all of the correct and accurate materials in violation of 12 C.F.R. § 226.15(b)(5). While the notice of rescissions themselves appear to comply with 12 C.F.R. § 226.15(b)(5), it is unclear whether plaintiffs received accurate material disclosures. The

Page 10 - FINDINGS AND RECOMMENDATION

complaint alleges that the disclosures Hyperion provided were misleading. Thus, because plaintiffs may have grounds to rescind, the court should grant Bank of America N.A.'s motion for judgment on the pleadings with regard to the rescission claim, with leave for plaintiffs to amend to address the vagueness in their allegations in support of that claim.

## Conclusion

For the reasons set forth above, the court should grant Bank of America N.A.'s 12(c) motion for judgment on the pleadings (#43) but grant plaintiffs leave to amend only their TILA claim for rescission. The court should dismiss all other claims against the remaining defendants with prejudice. The court should further order that plaintiffs have thirty (30) days to properly amend their TILA claim for rescission and that if no amended claim is so filed the entire case will be dismissed with prejudice.

///

///

///

///

///

///

///

///

///

///

///

Page 11 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 9th day of July, 2010.

_____
Honorable Paul Papak
United States Magistrate Judge